UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNON WOODROW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MERCED, *et al.*,<br><br>　　　　　Defendants. | No. 1: 13-cv-01505-AWI-BAM<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>**30 DAY DEADLINE** |

### I.　　INTRODUCTION

Plaintiff Channon Woodrow ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1

1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint, touching on a variety of alleged wrongs, alleges eleven counts[1] against fifteen defendants.[2]  While difficult to fully comprehend, Plaintiff's complaint appears to challenge several arrests taking place between July 17, 2012 and May 10, 2013.  During this time, Plaintiff also challenges the conduct of various public officials, including judges, attorneys, and police officers.  Plaintiff also challenges the conduct of several private actors who are allegedly responsible for the unlawful foreclosure of his home and theft of personal property.

/././

---

[1] The majority of these "counts" allege civil rights violations under 42 U.S.C. Section 1983, predicated on a variety of alleged conduct.

[2] The Defendants in this case are as follows: The County of Merced; Walter Wall; Anna Hazel; Bryan Saelee; Chris Jaskowiak; Marc A. Garcia; Mark Bacciarini; Susan Erb; Salvadori Realty; Wells Fargo Bank, N.A., Naiman Law Group; Randall Naiman; Mark Pasin; County of Merced Sharrif's Office; and the County of Merced Jail Division.

### III.  DISCUSSION

**A.  Plaintiff's Complaint Fails to Comply with Rule 8 and 18**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

Plaintiff's complaint is neither short nor plain. Plaintiff's Complaint, totaling sixty verbose pages, meanders between unrelated grievances and lengthy legal argument.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff appears to allege an overarching conspiracy between various public officials and private actors in an effort to commit a "fraud upon the court" and deprive Plaintiff of his civil rights. In so doing, Plaintiff's Complaint frequently jumps from a detailed discussion of irrelevant facts to unsupported legal conclusions. "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered

paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact, or argue the merits of every claim.

Moreover, to the extent the Court can divine the nature of Plaintiff's claims, the vast majority of Plaintiff's "counts" fail to specify what conduct gives rise to a colorable cause of action against a particular defendant. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Since Plaintiff's complaint is not in compliance with Rule 8(a) and 18, the Court declines to expend its resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8 and 18. Plaintiff shall separate his claims, distil relevant facts, and omit legal argument and conjecture so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim. Plaintiff will not be permitted to proceed with a "mishmash of a complaint," and he is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims may proceed, if any, and will dismiss out all unrelated claims.

**B. Amendment to the Complaint**

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949-50. In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate

joinder rules, the Court will dismiss the claims it finds to be improperly joined.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and 18 and for failure to state a cognizable claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **May 21, 2014**            /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE