1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    CHANNON WOODROW,                    No.  1: 13-cv-01505-AWI-BAM

12               Plaintiff,               **ORDER SCREENING FIRST AMENDED**
                                          **COMPLAINT AND DISMISSING THE**
13          v.                            **COMPLAINT WITH LEAVE TO AMEND**

14    COUNTY OF MERCED, *et al.*,         **30 DAY DEADLINE**

15               Defendants.

16

17                                   **I.       INTRODUCTION**

18          Plaintiff Channon Woodrow ("Plaintiff") proceeds pro se and in forma pauperis in this

19    civil action.  Plaintiff's First Amended Complaint ("FAC") is before the Court for screening.

20          The Court is required to screen complaints brought by persons proceeding in pro per.  28

21    U.S.C. § 1915A(a).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is

22    frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

23    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2);

24    28 U.S.C. § 1915(e)(2)(B)(ii).

25          A complaint must contain "a short and plain statement of the claim showing that the

26    pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

27    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

                                              1

1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint, touching on a variety of alleged wrongs, alleges nine counts[1] against multiple defendants.[2] Plaintiff's complaint appears to challenge several arrests and court proceedings.  Plaintiff also challenges the conduct of various public officials, including judges, attorneys, and police officers regarding a criminal action brought against him and an unlawful detainer action.  Plaintiff also challenges the conduct of several private actors who are allegedly responsible for the unlawful detainer action and theft of personal property.

In May 2013, Plaintiff alleges Officer B and Anna Hazel arrested Plaintiff pursuant to a warrant which he was never shown and held him in a "drunk cell."  (doc. 7 p. 7-8.)[3]  Both Officer

---

[1] The majority of these "counts" allege civil rights violations under 42 U.S.C. Section 1983, predicated on a variety of alleged conduct.

[2] The Defendants in this case are as follows: The County of Merced; Thomas I Cavallero; Walter Wall; Anna Hazel; Officer 'B", Chris Jaskowaik, Randall Naiman, County of Merced Sherriff Department; Superior Court of California, Salvadori Realty, Naiman Law Group.  Various other entities or persons are identified in the body of the FAC.

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the

2

1   B and Anna Hazel are alleged to be Merced Sherriff investigators.  (Doc. 7 p. 5.)  He was arrested

2   on Friday morning and did not see a Magistrate for 3 days over the weekend and was delayed

3   being brought before a Magistrate.  (Doc. 7 p. 9.)   Plaintiff alleges they had no right to

4   "incarcerate" him. (*id.*)

5          Plaintiff alleges that Anna Hazel was biased in her criminal investigation and made false

6   statements in her police reports.  (Doc. 7 p.10.)   Plaintiff appears to allege that Anna Hazel

7   conspired and colluded with others to deprive Plaintiff of property.  (Doc. 7 p. 11.)[4]

8          Defendant Walter Wall is a Merced District Attorney.  Plaintiff alleges that Wall did not

9   properly indict, investigate or charge Plaintiff with a crime.  (Doc. 7 p. 12.)  Plaintiff alleges that

10  failure to properly review information led to Plaintiff's false indictment, false arrests and false

11  confinement.  (Doc. 7 p. 12.)  Wall and Anna Hazel called Plaintiff "sovereign citizen" to demean

12  and subordinate Plaintiff.

13         Plaintiff alleges that his home was illegally searched and property was unlawfully seized.

14  (Doc. 7 p. 15)  Plaintiff was incarcerated for 10 days.

15         Plaintiff was arrested again on June 12, 2013 by defendant Officer Chris Jaskowiak in

16  court during a court appearance by Plaintiff.  (Doc. 7 p. 16.)  Plaintiff's knee was injured in the

17  arrest.

18         Plaintiff alleges unlawful conditions of release where placed on him by the presiding

19  judicial officer, including a mental evaluation.  (Doc. 7 p. 17-18.)  He was silenced in court and

20  denied process and was caused emotional distress.  (Doc. 7 p. 18.)   Plaintiff alleges that all

21  defendants conspired with each other involving unlawful arrest, detention, harassment,

22  intimidation, and malicious prosecution.  (Doc. 7 p. 19.)

23         Plaintiff also alleges private entities harmed him in seizure of his real property.  (Doc. 7

24  p.18 et seq.)  Plaintiff alleges his home was seized by defendants Randal Naiman, Naiman Law

25  Group and Salvdori Realty.  Plaintiff alleges that the seizure was improper and that the unlawful

26  detainer violated his rights.  (Doc. 7 p. 20.)  Plaintiff alleges that foreclosure was improper.

27  CM/ECF electronic court docketing system.

28  [4] Plaintiff does not specifically allege these facts, but exhibits attached to the complaint indicate that Plaintiff was
    prosecuted for allegedly fraudulently creating a lease and residing in the premises.

Plaintiff alleges that the private entities conspired to deprive plaintiff of his property.  (Doc. 7 p. 21.)  Plaintiff states that the conspiracy is shown by the proximity of his arrest and the filing of the unlawful detainer action.

Plaintiff alleges that his rights have been violated:

- Count 1: (1) the right to be free from unreasonable search and seizure and arrest, (2) the right not to be deprived of liberty and property without due process of law, (3) excessive force, (4) just compensation for taking of property (against Anna Hazel, Officer B, Chris Jaskowiak, County of Merced Sherriff Department and Jail Division, Superior Court of California and County of Merced) pursuant to 42 U.S.C. §1983.

- Count 2: abuse of process, intimidating party and plaintiff, obstruction of justice and due process, access to grand jury and right to confront accuser (against Walter Wall, Anna Hazel, Chris Jaskowiak, County of Merced Sherriff Department and Jail Division, Superior Court of California and County of Merced) pursuant to 42 U.S.C. §1983.

- Count 3: Conspiracy against all defendants pursuant to 18 U.S.C. §241.

- Count 4, deprivation of rights under color of law pursuant to 18 U.S.C. §242 against all defendants.

- Count 5, gross negligence against all defendants pursuant to 42 U.S.C. §1986 against all defendants (negligent training and supervision).

- Count 6, breach of fiduciary duty against all defendants.

- Count 7, violations of various California Penal Code sections, including 115, 118, 118.1.

- Count 8, deprivation of right to property pursuant to 42 U.S.C. §1982.

- Count 9, False indictment and criminal suit pursuant to California Penal Code §182.

## III.    DISCUSSION

**A.    <u>Plaintiff's Complaint Fails to Comply with Rule 8</u>**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 8(a) of the Federal Rules of

4

1  Civil Procedure, the complaint or amended complaint must contain a "short and plain statement
2  of the claim showing that the pleader is entitled to relief."  Although the Federal Rules adopt a
3  flexible pleading policy, a complaint must give fair notice and state the elements of the claim
4  plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).
5  While detailed allegations are not required, a plaintiff must set forth "the grounds of his
6  entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic
7  recitation of the elements of a cause of action. . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

9        Plaintiff's complaint is neither short nor plain. Plaintiff's Complaint totals thirty-six pages
10  and over 120 pages of exhibits. Plaintiff's complaint does not clearly set forth the factual
11  allegations underlying his claims. Plaintiff fails to describe specific actions taken each of the
12  defendants named in his complaint that violated his constitutional rights.  Many of the allegations
13  are conclusory and not sufficiently detailed as to what each individual defendant did to violate his
14  rights.  Some allegations are sufficiently specific but as explained below they are improperly
15  joined.  Plaintiff will be granted leave to amend.  In any amended complaint, Plaintiff should set
16  forth facts, not conclusions, as to what each defendant did to violate Plaintiff's rights.

17  **B.**     **<u>Plaintiff's Complaint Fails to Comply with Rule 18</u>**

18        Plaintiff is raising numerous claims based on discrete events against different defendants.
19  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ.
20  P. 18(a), 20(a)(2); *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507
21  F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as
22  (1) the claim arises out of the same transaction or occurrence, or series of transactions and
23  occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2);
24  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co.*
25  *of North America,* 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly
26  joined under Rule 20(a) will the Court review the other claims to determine if they may be joined
27  under Rule 18(a), which permits the joinder of multiple claims against the same party.

28        Plaintiff may not assert multiple claims against unrelated defendants in this action.

Plaintiff appears to allege an overarching conspiracy between various public officials and private actors in an effort to commit a "fraud upon the court" and deprive Plaintiff of his civil rights. However, the alleged unlawful arrests or excessive force claims are not properly joined with claims alleging an improper criminal proceeding, and these claims are not properly joined with claims related to the unlawful detainer proceedings.  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits to prevent the sort of morass a multiple claim, multiple defendant suit produces.  In his second amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.

If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.   Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims proceed and which will be dismissed.  *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).

Insofar as Plaintiff references exhibits attached to the complaint as the source of the facts underlying this claim, the court notes that these exhibits number nearly 120 pages, and Plaintiff is cautioned that it is not the Court's duty to wade through exhibits to determine whether cognizable claims have been stated. Since Plaintiff's complaint is not in compliance with Rule 8(a) or Rule 18, the Court declines to expend its resources with attempting to sort out his claims.

**C.    Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

6

611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *Rizzo v. Goode*, 423 U.S. at 371.  Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones*, 297 F.3d at 934.  There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct.  *Iqbal*, 129 S.Ct. at 1948-49.

In his second amended complaint, plaintiff must clearly link each named defendant to alleged wrongful conduct. If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation.  While some defendant's conduct is specifically identified, some defendant's conduct is not.  Just as in plaintiff's original complaint, the FAC again repeatedly refers to all defendants collectively and fails to give each defendant notice of the claims against them.

**D.   <u>Immunity</u>**

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  See *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).  To the extent Plaintiff alleges violations based upon prosecutorial conduct, prosecutors are absolutely immune.

1    To the extent Plaintiff asserts claims against Judge Garcia,[5] these claims similarly fail

2 because Judge Garcia is protected by absolute judicial immunity. "Few doctrines were more

3 solidly established at common law than the immunity of judges from liability for damages for acts

4 committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

5 Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages."

6 *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U .S. 349, 356 (1978)

7 ("A judge will not be deprived of immunity because the action he took was in error, was done

8 maliciously, or was in excess of his authority.").  Plaintiff's claims against Judge Garcia are based

9 solely on his judicial rulings in the state unlawful detainer action or related to Plaintiff's detention

10 and are therefore barred by judicial immunity.

11    In addition, government officials enjoy qualified immunity from civil damages unless

12 their conduct violates "clearly established statutory or constitutional rights of which a reasonable

13 person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738

14 (1982).  "Qualified immunity balances two important interests - the need to hold public officials

15 accountable when they exercise power irresponsibly and the need to shield officials from

16 harassment, distraction, and liability when they perform their duties reasonably," *Pearson v.*

17 *Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009), and protects "all but the plainly

18 incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106

19 S.Ct. 1092, 1096 (1986).   Therefore, claims against prosecutors and judges do not state

20 cognizable claims.

21 **E.    Relief Barred by *Heck***

22    It is unclear whether Plaintiff will be able to state a claim for unlawful arrest/search and

23 seizure or false imprisonment.  *Heck v. Humphrey* may bar any such claims.

24    In *Heck*, the United States Supreme Court held that a section 1983 claim cannot proceed

25 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

26 or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck v. Humphrey*, the

27

28
[5] The caption does not name Judge Garcia, but the body of the complaint alleges judicial conduct by Judge Garcia violated Plaintiff's constitutional rights.  (See e.g., Doc. 7 p.17-19.)

Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

"*Heck*, in other words, says if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). *Heck*, however, does not bar section 1983 claims arising from events that occurred before or after the conduct for which the plaintiff was convicted. *Smith v. City of Hemet*, 394 F.3d 689, 695–96 (9th Cir.2005) (en banc).

In the complaint, Plaintiff states that he was criminally prosecuted. Plaintiff's claims may be barred by *Heck*. The Court cannot determine from the allegations whether the claims are *Heck* barred and therefore leave to amend will be granted. In his amended complaint, Plaintiff should set forth the charges for which he was convicted, if at all, among other clarifications.

Plaintiff also claims that the police and investigators falsely reported events. As to these potential claims, the Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.*" Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir.2001); *see also Costanich v. Dep't of Soc. & Health Servs*., 627 F.3d 1101, 1111 (9th Cir.2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation").

There are many remedies to cure an unconstitutional conviction, but a section 1983 is not one of them, pursuant to *Heck*. Until any conviction is reversed by an appropriate state or in some other manner, a section 1983 claim is not cognizable. Nonetheless, the allegations are sufficiently unclear as to Plaintiff's conviction that amendment should be permitted.

**F.**   **Excessive Force**

"Under the Fourth Amendment, officers may only use such force as is 'objectively

9

reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001) (citing Graham v. Conner, 490 U.S. 386, 397 (1989)).  The Fourth Amendment's objective reasonableness standard applies.  *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake.  *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control.  *See Gibson*, 290 F.3d at 1198 (citation omitted).

Plaintiff alleges that Officer Jaskowiak witnessed Plaintiff committing a crime in Court, arrested Plaintiff and as a result, Plaintiff suffered a knee contusion.  Plaintiff's allegations are conclusory and fail to state sufficient facts as to what occurred for the Court to determine whether Plaintiff states a plausible claim.  Leave to amend will be granted.

**G.**      **County of Merced, County of Merced Sheriff's Department, and Jail Division**

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

A municipality, such as the County of Merced, may not be held responsible for the acts of

its employees under a respondent superior theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.)

The County of Merced Sheriff's Department and Jail Division are not proper defendants because they are sub-divisions of a public entity.[6] Plaintiff also has failed to allege facts demonstrating that the constitutional violations were caused by a deliberate policy, custom or practice of the public entity.  If Plaintiff elects to amend his complaint, he must allege the proper political subdivision and identify and describe the public entity's policy, custom or practice which violated his constitutional rights.

**H.      Official Capacity of Individual Defendants**

"There is no longer a need to bring official-capacity actions against local government officials, for under *Monell [ v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ] ... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Thus, suits against a public entity and its official in his or her official capacity may be duplicative. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.")  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice

---

[6] The Jail Division is not named in the FAC caption but is listed in the body of the FAC.  Likewise, in the body of the FAC, Plaintiff also alleges wrongful conduct of the City of Merced Police Department.  The City of Merced Police Department is not a named defendant and even so, would be the improper because it is a sub-division of the municipality.  (Doc. 7 p.14.)

and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations omitted).

To the extent Plaintiff asserts the Section 1983 claim against officers in their official capacities (alleged "professional" capacities), such a claim is duplicative of a claim against the public entity that employs the officers. Plaintiff will be given leave to amend to name the proper public entity.

**I.**     <u>**Official Capacity and Eleventh Amendment**</u>

Plaintiff names the Superior Court as a defendant. The Superior Court is an arm of the State of California and is immune from liability pursuant to the Eleventh Amendment. Cal.Const. Art. 6, §1 (The judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record.); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir.1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature.") The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. *Aholelei v. Dep' t of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.2007).

**J.**     <u>**California Penal Code Violations and Federal Criminal Statutes Violations**</u>

Plaintiff seeks to impose liability against defendants based on alleged violations of California Penal Code sections 182, 115, 118, and 118.1. A private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp.*, 441 U.S. at 316, 99 S. Ct at 1725 (quoting *Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *see Taylor v. Hubbard*, 2012 WL 1718055, *4 (E.D.Cal. May 15, 2012); *Sohal v. City of Merced Police Dep't*, 2009 WL 961465, * 7 (E.D.Cal. Apr.8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action"). The

Court has reviewed the penal code sections cited by Plaintiff in their entirety and can find no indication of a private right of action. Accordingly, Plaintiff's claims for violations of the California Penal Code are not cognizable.

Plaintiff also brings claims pursuant to Federal criminal statutes. In Count 3, Plaintiff alleges a Conspiracy in violation of 18 U.S. C. §241.  In Count 4, Plaintiff alleges a violation of 18 U.S.C. §242, for deprivation of rights under color of law.

Neither criminal statute provides a basis for civil liability. The criminal conspiracy statutes, making it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States or to deprive another of such rights, under color of law, provide no basis for civil liability. *Moore v. Kamikawa*,  940 F.Supp. 260 (D.Hawai'i 1995)*, affirmed* 82 F.3d 423.  *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (18 U.S.C. §§241 and 242 provide no basis for civil liability).  Title 18 U.S.C. §242 does not authorize a litigant to bring claims in civil action for alleged violations of criminal statutes. *Id*; *See also Haile v. Sawyer*, 2003 WL 1907661 (N.D.Cal.2003) (Unreported), *affirmed* 76 Fed.Appx. 129, 2003 WL 22145851.

To the extent Plaintiff intends the factual allegations to fall within 42 U.S.C. §1983, plaintiff must conform to pleading standards as outlined in this order.

**K.**     **Private Actor is not liable under Section 1983**

A plaintiff can seek relief under § 1983 against persons acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, private actors do not act under color of state law. *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991).  Randall Naiman and the Naiman Law Group are not state actors and therefore are not subject to Plaintiff's Section 1983 claims. *Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir.1977) (holding that a private attorney is not a state actor and does not act under color of state law for Section 1983 purposes.) Plaintiff alleges that Naiman filed an unlawful detainer action against Plaintiff.  (Doc. 7 p. 156.) This conduct does not rise to state action.   Accordingly, Plaintiff has failed to state a cognizable claim against Randall Naiman and the Naiman Law Group.

1  **L.** __Prompt Presentment Claim__

2  In *Gerstein*, the United States Supreme Court held that the Fourth Amendment requires a

3  prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention

4  after a warrantless arrest. *Gerstein v. Pugh*, 420 U.S. 103,114, 125–126, 95 S.Ct. 854 (1975). In

5  *McLaughlin*, the court held that a jurisdiction may choose to combine the probable cause

6  determination with other pretrial procedures such as arraignment. A jurisdiction that does so

7  generally will comply with the promptness requirement of *Gerstein* if it provides the probable

8  cause determination within 48 hours of a warrantless arrest. *County of Riverside v. McLaughlin*,

9  500 U.S.44, 56, 111 S.Ct. 1661 (1991).

10  Federal and state law enforcement officials must present an arrestee to a judicial officer

11  without unreasonable delay. See Fed.R.Crim.P. 5(a); *U.S. v. Redlightning*, 624 F.3d 1090, 1106

12  (9th Cir.2010) (discussing prompt presentment requirement under Federal Rule of Criminal

13  Procedure 5(a)); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1478 (9th Cir.1993)

14  (discussing constitutional presentment requirements applicable to state law enforcement

15  officials).

16  Statutes and judicial statements often refer to a duty to take an arrested person before a

17  magistrate "immediately," "forthwith," without "unreasonable" or "undue" delay, or the like.

18  However, these statutory commands are not interpreted literally, and the basic requirement is that

19  the prisoner be brought before a magistrate as soon as reasonably possible. The intervention of a

20  Sunday or other legal holiday, during which the courts are not in session, may also justify a delay

21  in bringing an arrestee before a magistrate for arraignment.  But, failure to bring the arrestee

22  before a magistrate the next Monday morning or regular business day may result in liability for

23  false imprisonment.  Moreover, in some cases it has been held that the intervention of a Sunday or

24  holiday did not necessarily make the delay reasonable. *See Hallstrom v Garden City,* 991 F.2d

25  1473 (9th Cir. 1993) (arrestee was deprived of her constitutional right not to be subjected to

26  unreasonable delay in coming before magistrate, where she was arrested at 9:00 A.M. on Friday

27  and was not taken before judge until approximately 4:00 P.M. on Monday, despite fact that

28  magistrate was on call 24 hours each day, and arrestee was held impermissibly for 2 days after

14

1   judge directed her release on bail, in violation of her constitutional rights.) Three-day delay in

2   bringing defendant before magistrate judge following his arrest on a Friday morning for bank

3   robbery was reasonable and not unnecessary. *U.S. v. Harrold*, 679 F. Supp. 2d 1336 (N.D. Ga.

4   2009) (arresting officer looked for an available magistrate but no judge was available.)

5          Plaintiff alleges that he was arrested at 9:00 a.m. on the Friday of Mother's day weekend

6   and did not see a judge until Monday.  While Plaintiff alleges ill-will by the arresting officer was

7   the reason for the delay, Plaintiff has not stated sufficient facts for violation of prompt

8   presentment.  He was taken to a judge the following business day after the intervening weekend.

9   He does not allege that a magistrate was available to take his appearance or facts establishing that

10  he could have been presented earlier.  Indeed, Plaintiff alleges that jail procedures delayed his

11  presentment, such as gang affiliation validation.  Leave to amend will be granted.

12  **M.      Doe Defendants**

13         Plaintiff identifies Officer B and other Doe defendants who he has not yet ascertained the

14  identities.  The inclusion of Doe defendants under these circumstances is permissible, as plaintiff

15  may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the

16  identity of defendants is known through discovery or other means.  *Merritt v. Los Angeles*, 875

17  F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev.

18  1981).

19  **N.      Amendment to the Complaint**

20         "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

21  requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

22  (quoting Fed. R. Civ. P. 15(a)). "Each allegation must be simple, concise, and direct." Federal

23  Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered

24  paragraphs, each limited as far as practicable to a single set of circumstances.  Federal Rule of

25  Civil Procedure 10(b).  Although Plaintiff does make limited use of numbered paragraphs,

26  Plaintiff fails to limit each numbered paragraph to a single set of circumstances.  Plaintiff's

27  paragraphs are long, rambling, and occasionally span multiple dense pages of narrative and legal

28  authority.

The function of the complaint is not to list every single fact relating to Plaintiff's claims and it is not to list the case law applicable.   Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort any further his claims.  Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8 and 18.

## IV.  CONCLUSION AND ORDER

Plaintiff's FAC violates Federal Rule of Civil Procedure 8 and 18 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file a Second Amended Complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In his second amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.

In the second amended complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.  Plaintiff shall separate his claims, so that it is clear what the claims are and who the defendants involved are.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.  Plaintiff's second amended complaint is limited to 25 pages, exclusive of exhibits.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and 18 and for failure to state a cognizable claim;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

3.  Plaintiff's second amended complaint is limited to 25 pages, exclusive of exhibits, and

4.  <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   __**January 12, 2015**__               ____/s/ *Barbara A. McAuliffe*____
                                          UNITED STATES MAGISTRATE JUDGE

17