1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

CHANNON WOODROW,

No.  1: 13-cv-1505-AWI-BAM

12

Plaintiff,

13

v.

**ORDER DISMISSING CASE FOR
FAILURE TO OBEY A COURT ORDER**

14

COUNTY OF MERCED *et al.*,

15

Defendants.

16
17
18

**INTRODUCTION**

19

Plaintiff, Channon Woodrow ("Plaintiff"), is proceeding pro se and filed a complaint,

20

alleging civil rights violations, various constitutional claims, as well as state law claims. (Doc. 1).

21

Plaintiff consented to Magistrate Judge jurisdiction on September 24, 2013.  (Doc. 5).  No

22

Defendant has been served with any complaint or has appeared in this action.

23

This Court screened Plaintiff's case and dismissed the complaint with leave to file an

24

amended complaint.  (Doc. 6).  Plaintiff filed a First Amended Complaint ("FAC") which the

25

Court also screened. (Docs. 7 & 8).  Plaintiff's FAC was dismissed with leave to file an amended

26
27

complaint, however, Plaintiff was ordered to file a Second Amended Complaint ("SAC") no later

28

than February 17, 2015.  (Doc. 8).  To date, Plaintiff has not done so.

## DISCUSSION

Local Rule 11 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260 61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because

there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132 33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file a SAC was clear that dismissal would result from non-compliance with the Court's order. (Doc. 8, pg. 17).

## ORDER

Accordingly, the Court HEREBY ORDERS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **March 2, 2015**                         /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE